IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRY L. RANSON-COOPER,
    Plaintiff,

vs.                                           Case No. 3:11cv386/MCR/EMT

STATE OF FLORIDA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about August 2, 2011,[1] Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint in the Middle District of Florida (doc. 1).[2] The action was subsequently transferred to this court from the Middle District (*see* docs. 4, 6). Upon review of the complaint, applicable statutes and controlling case law, as well as court records from the Northern and Middle Districts of Florida, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] On the last page of the complaint form, Plaintiff indicates that he signed the complaint on August 2, 2011, but an institutional stamp on page one of the complaint form indicates that Plaintiff provided the complaint to prison officials for mailing on July 31, 2011 (doc. 1 at 1, 10).

[2] Plaintiff has not paid the filing fee.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*.  A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).  Plaintiff's status as a "three striker" has been recognized by the United States District Court for the Middle District of Florida.  Ranson-Cooper v. SARCI-Annex et al., 8:11-cv-1628-T-23MAP (doc. 2, order of dismissal dated July 26, 2011).

Interestingly, the instant complaint challenges the application of the three strikes provision to Plaintiff.  He asserts that he got all three strikes in one month, that he was never forewarned of the consequences and that none of the cases he filed—perhaps in excess of seventeen—was substantively frivolous or malicious (doc. 1 at 8).  He claims that the application of the three strikes provision is "flagrant racist discrimination" and that he is innocent and needs "[his] name cleared on all counts ever arrested" (*id.* at 9).  He appears to suggest that application of the three strikes provision is keeping him in custody, claims that he was "never able to proceed on appeal" in certain cases due to the three strikes provision, and states that it has "crippled [his] criminal case defense" (*id.*).  Clearly, Plaintiff misunderstands the applicability of the three strikes provision.  As the plain language of the statute sets forth, it does <u>not</u> apply to criminal actions or appeals.  Furthermore, Plaintiff's apparent attempt to challenge his underlying conviction or seek expungement of his records is not proper in a § 1983 action.  *See*  Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973).

In any event, it is abundantly clear that Plaintiff has failed to meet the imminent injury requirement of section 1915(g), as he alleges no facts suggesting he is under imminent danger of serious physical injury.  Because Plaintiff did not pay the $350.00 filing fee at the time he filed this civil rights action, and because it is plain that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Dismissal should be without prejudice to Plaintiff's initiating a new

cause of action accompanied by payment of the $350.00 filing fee in its entirety, in the event he chooses to do so.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 26th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**